## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| KEVIN COVINGTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:24-cv-00162-ACL |
| | ) | |
| MATTHEW PYATT, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on the application of self-represented plaintiff Kevin Covington to proceed in the district court without prepaying fees and costs. The Court will grant the application and assess an initial partial filing fee of $38.70. Additionally, after initial review pursuant to 28 U.S.C. § 1915(e)(2), the Court will order the Clerk of Court to issue process as to defendant Matthew Pyatt in his individual capacity.

### Initial Partial Filing Fee

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action without prepayment of fees and costs is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff has submitted a ledger of his inmate account activity at the St. Louis County Justice Center from November 10, 2023 to January 23, 2024. Based on this information, the Court determines plaintiff has an average monthly deposit of $387.00. The Court will order plaintiff to pay an initial partial filing fee of $38.70, which is 20 percent of his average monthly deposit.

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed without full payment of the filing fee if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016).

When reviewing a pro se complaint under 28 U.S.C. § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even self-represent litigants are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980).

**The Complaint**

Plaintiff brings this prisoner civil rights action pursuant to 42 U.S.C. § 1983 alleging defendant Matthew Pyatt, Kitchen Manager at the St. Louis County Justice Center, violated his constitutional rights by continuously serving him food containing wheat and peanuts, causing plaintiff to go into anaphylactic shock. Plaintiff sues Pyatt in both his individual and official capacities.

Plaintiff states that he has been incarcerated at the St. Louis County Justice Center since November 9, 2023. He is sixty years old and is allergic to wheat and peanuts. During intake, he was asked to complete a medical assessment and list his allergies. Plaintiff listed that he is allergic to wheat and peanuts. Despite this, every morning for breakfast he was served wheat bread and wheat cereal. Every other day, peanut butter was served for breakfast. While still assigned to an intake cell, he was served lunches that consisted of cold cuts between four pieces of wheat bread. He was told by intake officers that these sandwiches were the only thing served in intake cells and special provisions would not be made. Plaintiff did not eat for three days.

After three days housed in intake, he ate the cold cuts from between the slices of wheat bread. In less than five minutes he went into a wheat exposure seizure and was given Palforzia to control his seizure. Plaintiff states that this condition is life-threatening. He was placed back in an intake cell.

Two days later, after spending five days in an intake cell, he was placed in the infirmary for 45 minutes and then taken to disciplinary segregation. It is unclear why he was placed in disciplinary segregation, but plaintiff states that it was not for disciplinary reasons.

On November 14, 2023, nothing had been done to accommodate his allergy restrictions. Plaintiff states the kitchen still continued to disregard his medically documented allergy profile. The kitchen continuously served food on contaminated, dirty trays. Plaintiff states in a two-month

period, he had seven more allergic attacks and each time he had to be given shots of Palforzia after going into anaphylactic shock. Plaintiff submitted with his complaint a detailed list of the dates that he went into anaphylactic shock and what food he had been served. He also includes dates during which he went without food because his food restrictions were not accommodated. As of the date of filing his petition, he states he had been placed on a no gluten, no wheat, and no peanuts diet, but the kitchen still disregarded these medical restrictions.

In a supplement filed one month after his complaint, he states that officials at the St. Louis County Justice Center retaliated against him for filing this civil complaint. He states he received a conduct violation for complaining about his meal and he has been placed on lock down twenty-one times because of his food issue. As of March 8, 2024, plaintiff had been moved to the Eastern Reception, Diagnostic and Correctional Center (ERDCC) in Bonne Terre, Missouri.

For relief, plaintiff seeks $2.3 million in damages.

### Discussion

At all relevant times, plaintiff was a pretrial detainee, so his constitutional claims fall within the ambit of the Fourteenth Amendment. *See Morris v. Zefferi*, 601 F.3d 805, 809 (8th Cir. 2010). In determining whether pretrial detention is unconstitutionally punitive, the United States Court of Appeals for the Eighth Circuit has applied the deliberate indifference standard. *Owens v. Scott Cty. Jail*, 328 F.3d 1026, 1027 (8th Cir. 2003); *see also Walton v. Dawson*, 752 F.3d 1109, 1117 (8th Cir. 2014) ("To succeed on a claim under the Due Process Clause of the Fourteenth Amendment, a pretrial detainee…must show the defendant official was deliberately indifferent to his rights"). In particular, the Eighth Circuit has explained that this standard is applicable when "the governmental duty to protect at issue…is not based on a pretrial detainee's right to be free from punishment but is grounded in principles of safety and well-being." *Butler v. Fletcher*, 465 F.3d 340, 344 (8th Cir. 2006). To that end, the Eighth Circuit has held "that deliberate indifference is

- 4 -

the appropriate standard of culpability for all claims that prison officials failed to provide pretrial detainees with adequate food, clothing, shelter, medical care, and reasonable safety." *Id*. at 345.

A deliberate indifference claim has both an objective and a subjective component. *See Jackson v. Everett*, 140 F.3d 1149, 1151 (8th Cir. 1998). With regard to the objective component, this requires proof that plaintiff was exposed to wheat and peanuts in a manner that created an unreasonable risk of serious harm to his health. *See Butler*, 465 F.3d at 345. With regard to the subjective component, deliberate indifference requires proof that defendant "actually knew of and recklessly disregarded" this substantial risk of serious harm. *Id.*

Plaintiff states that upon intake at the St. Louis County Justice Center, he completed a medical form stating that he has a serious allergic reaction to wheat and peanuts. According to plaintiff, the kitchen manager, defendant Matthew Pyatt ignored this dietary restriction. Plaintiff suffered from anaphylactic shock on at least eight occasions, resulting in the need to be given shots of Palforzia. Viewing the facts in the light most favorable to plaintiff, the Court finds that he has stated a plausible claim for deliberate indifference against defendant Matthew Pyatt in his individual capacity. The Court will order the Clerk of Court to issue service on defendant in his individual capacity.

The Court will dismiss without prejudice plaintiff's claims brought against defendant Pyatt in his official capacity. In an official capacity claim against an individual, the claim is actually "against the governmental entity itself." *See White v. Jackson*, 865 F.3d 1064, 1075 (8th Cir. 2017). Thus, a "suit against a public employee in his or her official capacity is merely a suit against the public employer." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999). To prevail on an official capacity claim, the plaintiff must establish the governmental entity's liability for the alleged conduct. *Kelly v. City of Omaha, Neb.*, 813 F.3d 1070, 1075 (8th Cir. 2016). Plaintiff

has not alleged any liability on the part of St. Louis County, and therefore the Court will dismiss plaintiff's official capacity claims against defendant Matthew Pyatt.

### Motion for Appointment of Counsel

Finally, plaintiff has filed a motion to appoint counsel. The motion will be denied at this time. In civil cases, a pro se litigant does not have a constitutional or statutory right to appointed counsel. *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013). Rather, a district court may appoint counsel in a civil case if the court is "convinced that an indigent plaintiff has stated a non-frivolous claim…and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018). When determining whether to appoint counsel for an indigent litigant, a court considers relevant factors such as the complexity of the case, the ability of the pro se litigant to investigate the facts, the existence of conflicting testimony, and the ability of the pro se litigant to present his or her claim. *Phillips v. Jasper Cnty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

After reviewing these factors, the Court finds that the appointment of counsel is not warranted at this time. Plaintiff has demonstrated, at this point, that he can adequately present his claims to the Court. Additionally, neither the factual nor the legal issues in this case appear to be complex. The Court may consider future motions for appointment of counsel as the case progresses.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's application to proceed in the district court without prepaying fees and costs is **GRANTED**. [ECF No. 2]

**IT IS FURTHER ORDERED** that plaintiff must pay an initial partial filing fee of $38.70 within **thirty (30) days** of the date of this order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison

registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk of Court shall issue process on the complaint as to defendant Matthew Pyatt in his individual capacity at the St. Louis County Justice Center, 100 South Central Ave, Clayton, MO  63105.

**IT IS FURTHER ORDERED** that plaintiff's claims brought against defendant Matthew Pyatt in his official capacity are **DISMISSED** without prejudice.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel is **DENIED** without prejudice. [ECF No. 7]

An Order of Partial Dismissal will accompany this Memorandum and Order.

Dated this 17th day of  May, 2024.

HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE